UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Catherine Baetens,

        Plaintiff,

v.

Bank of America,

        Defendant.
_____/

Case No. 12-12616

Honorable Sean F. Cox

ORDER DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S STATE-LAW CLAIMS

Plaintiff filed this action on June 15, 2012, alleging the following claims against Defendant: Count I – R.E.S.P.A. – 12 U.S.C. § 2601 *et seq.*; Count II – Breach of Contract for Breach of the Implied Covenant of Good Faith and Fair Dealing; Count III – Violation of MCL § 600.3205a; Count IV – Intentional Infliction of Emotional Distress; Count V – Request for Equitable Declaratory & Injunctive Relief; Count VI – Fraud/Misrepresentation; Count VII – Unjust Enrichment; Count VIII – Innocent/Negligent Misrepresentation; Count IX – Fraud, Based Upon Silent Fraud and Bad Faith Promises; Count X – Breach of Contract/Wrongful Foreclosure; Count XI – Violation of MCL § 445.901 *et seq.*; Count XII – Fair Credit Reporting Act; Count XIII – Negligence; Count XIV – Negligence *Per Se*; Count XV – Defamation by Libel; and Count XVI – Negligence – Malicious Statutory Libel.  Although this Court has federal question jurisdiction over Count I and Count XII, the remaining counts are based on state law.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in

1

pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
>
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> 3) the district court has dismissed all claims over which it has original jurisdiction; or
>
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state-law claims in Plaintiff's complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, it is **HEREBY ORDERED** that Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XIII, XIV, XV, and XVI of Plaintiff's complaint are **DISMISSED WITHOUT PREJUDICE**.

The only claims that remain are Plaintiff's RESPA claim under Count I and Plaintiff's

Fair Credit Report Acting claim under Count XII.

    **IT IS SO ORDERED**.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated: July 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2012, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez
                              Case Manager